# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CYNTHIA KERN, Individually and on behalf of the Heirs at Law of ANTHONY ALLEN SOLIZ, deceased,<br><br>        Plaintiff,<br><br>v.<br><br>ST. CHARLES COUNTY, MISSOURI,<br><br>Serve at: Steve Ehlmann<br>        100 N. Third St.<br>        St. Charles, MO 63301<br><br>and<br><br>ST. CHARLES DEPARTMENT OF CORRECTIONS,<br><br>Serve at: Daniel Keen<br>        301 N. Second St.<br>        St. Charles, MO 63301<br><br>and<br><br>DANIEL KEEN,<br><br>Serve at: Daniel Keen<br>        301 N. Second St.<br>        St. Charles, MO 63301<br><br>and<br><br>CORRECTIONS OFFICER BISHOPS,<br><br> Serve at: 301 N. Second St.<br>        St. Charles, MO 63301<br><br>and<br><br>UNKNOWN CORRECTIONS | Case No.: 4:20-CV-884<br>Div. No.: |

1

| | |
|---|---|
| **OFFICERS JOHN DOE,** )  | |
| ) | |
| **Serve at: Hold for Service** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff Cynthia Kern, Individually and on behalf of the Heirs at Law of Anthony Allen Soliz, deceased, and for her Complaint against the Defendants, et. al., who are sued in their individual and official capacities, and states the following:

## INTRODUCTION

1.      Plaintiff Cynthia Kern, Individually and on behalf of the Heirs at Law of Anthony Allen Soliz, deceased, seeks judgment against Defendants, et. al., for violation of Mr. Soliz's rights under the Eighth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988; violation of his rights under the Missouri Constitution; and Missouri's negligence, negligent supervision, negligent training, negligent retention, and wrongful death laws. Plaintiff also seeks judgment against Defendant St. Charles County, Missouri, for implicitly or explicitly adopting and implementing policies, customs, or practices that included, among other things, allowing correction officers with no or inadequate training to assess the conditions, including the medical conditions and/or withhold medical treatment and the denial of medical treatment to inmates with serious medical needs, including Anthony Soliz. These policies, customs, or practices and failure to have the same reflected a deliberate indifference to the serious medical needs of Anthony Soliz, resulting in his death.

## JURISDICTION AND VENUE

2.      This action is brought, in part, pursuant to 42 U.S.C. § 1983 for the deprivation of civil rights; jurisdiction is therefore appropriate under 28 U.S.C. §§ 1331 and 1343.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      The claims asserted herein arose in the Eastern District of Missouri, St. Charles County, and venue is therefore proper in this Court.

## PARTIES

5.      Plaintiff Cynthia Kern is and was at all times relevant herein the mother of Anthony Allen Soliz. Plaintiff is therefore the appropriate party to bring this action on behalf of all members of the class for wrongful death pursuant to R.S.Mo. § 537.080.

6.      Defendant Saint Charles County, Missouri ("Saint Charles County") is a political subdivision of the State of Missouri and operates the St. Charles County Department of Corrections ("SCCDOC"), a jail located in St. Charles County, Missouri, a/k/a "St. Charles County Jail.

7.      Saint Charles County is the political subdivision of the State of Missouri that is responsible for the wrongful death of Anthony Soliz, which was caused by the intentional acts and/or failures to act of the duly appointed officers and corrections personnel of Saint Charles County, who were acting by virtue of or under color of the office at the time, as well as the negligent acts and omissions of each and every other Defendant, who were employees and/or agents of said county, and were acting within their scope of employment.

8.      Defendant Saint Charles Department of Corrections is a public entity organized and existing pursuant to the laws of the State of Missouri, with a physical location at 301 N. Second St., in St. Charles County, who employed duly appointed officers and/or corrections personnel that were responsible for the wrongful death of Anthony Soliz, and who were acting by virtue of or under color of the office at the time.

9. At all times relevant hereto, upon information and belief, Defendant Daniel Keen was a citizen and resident of Saint Charles County, Missouri and was acting in his capacity as the Director of SCCDOC, employed by Saint Charles County, Missouri and acting under the color of State law at the time of Anthony. Soliz's death. He is hereby sued in both his individual and official capacities. Upon information and belief, he was responsible for the daily operations of the SCCDOC and the policymaker for Saint Charles County with respect to the operations of the SCCDOC.

10. At all times relevant hereto, upon information and belief, Defendant Corrections Officer Bishops was a citizen and resident of Saint Charles County, Missouri and was acting in his capacity as Corrections Officer of SCCDOC, employed by Saint Charles County, Missouri and acting under the color of State law at the time of Anthony Soliz's death. He is hereby sued in both his individual and official capacities.

11. At all times relevant hereto, upon information and belief, Defendant Unknown Corrections Officers John Doe, were on the date alleged herein, acting in their capacity as duly appointed officers and corrections personnel of SCCDOC, employed by Saint Charles County, and acting under the color of State law at the time of Mr. Soliz's death. They are hereby sued in both their individual and official capacities.

12. Saint Charles County has established and/or delegated to Defendants Keen and Bishops and/or other Defendant Unknown Corrections Officers John Doe employees of the SCCDOC the responsibility of establishing and implementing policies, practices, procedures and customs of administration in the SCCDOC facility in providing safety screenings, security checks, appropriate monitoring of each inmate, medical care, medical screening, and an environment free

4

from unauthorized controlled substances; and for implementing policies, practices, procedures, and/or customs for training other detention officers in these matters.

13. All negligent and/or intentional acts and/or omissions which caused the death of Mr. Soliz occurred while he was in the custody of the SCCDOC located in Saint Charles County, State of Missouri.

14. All negligent and/or intentional acts and/or omissions which caused the death of Mr. Soliz occurred while he was incarcerated at the SCCDOC facility located in St. Charles, State of Missouri.

15. These causes of action arose under the 8th and 14th Amendments of the U.S. Constitution and 42 USC §§ 1983 and 1988, under the Constitution of the State of Missouri and under Missouri common law for negligence, negligent supervision, negligent training, negligent retention, negligence *per se* and wrongful death.

16. Each of the intentional and/or negligent acts and/or omissions complained of herein which cause the death of Anthony Soliz occurred on or about May 20, 2019, the date of his death in the SCCDOC facility and/or while in custody of the SCCDOC.

## **FACTS**

17. On or about May 20, 2019, Anthony Soliz was transferred from St. Francois County Jail to SCCDOC facility, where he was incarcerated on a warrant of unlawful use of weapon, a traffic warrant, and a felony probation violation warrant.

18. Mr. Soliz arrived at SCCDOC at approximately 4 P.M., was booked into the jail at approximately 9:35 P.M., and was placed in a large holding cell, identified as Cell R-7.

5

19.     At approximately 10:24 P.M. Defendant Corrections Officer Bishops entered Cell R-7, observed the area near the toilet, failed to notice the plastic baggie laying on the floor next to the toilet.

20.     At approximately 10:36 P.M. Inmate Sneed noticed the baggie on the floor next to the toilet, the baggie was passed between inmates and ultimately, Inmate Sneed set the item on the ground next to Anthony Soliz's face.

21.     Anthony Soliz examined the contents of the baggie and discussed with Inmate Sneed.

22.     At approximately 10:41 P.M. Anthony Soliz took a capsule from the baggie and ingested its contents through his nose.

23.     The contents of the bag were later determined to include capsules of fentanyl.

24.     Anthony Soliz lay in his cell scratching and rubbing his body and face.

25.     Anthony Soliz vomited on himself.

26.     Anthony Soliz was found unresponsive, by his fellow inmates who called for assistance.

27.     SCCDOC employees attempted to provide medical treatment to Anthony Soliz, including the use of the automated external defibrillator (AED); however, treatment was provided too late, and Anthony Soliz was pronounced deceased in the cell.

28.     Defendants knew of recent instances of unauthorized controlled substances being found in SCCDOC, including overdoses within the SCCDOC facility, but failed to implement the necessary policies and procedures to prevent illegal drugs from being trafficked into the facility.

29.     Defendants knew of recent drug episodes, including overdoses within the SCCDOC facility, but failed to implement the necessary policies and procedures to provide timely lifesaving medical services, such as but not limited to adequate supervision, cell checks, and availability and administration of Narcan.

30.     Defendants individually and in concert with one another through the policies and procedures instituted by them and Defendant Saint Charles County fostered an environment which led to the deliberate indifference of Anthony Soliz's serious needs in contravention of his civil rights.

31.     Defendant Saint Charles County was negligent in its supervision of the SCCDOC and the employees, deputies, and/or correction personnel therein.

32.     Each of the Defendants, individually and in concert with one another, acted under the color of State law in both his/her individual and official capacities to deprive Anthony Soliz of his right to adequate and/or proper care, including a jail cell from unauthorized controlled substances and medical care. This is a right secured to Anthony Soliz by the 8th and 14th Amendments to the Constitution of the United States and by 42 U.S.C. §1983.

33.     As a direct and proximate result of the intentional and/or negligent acts of all Defendants, Plaintiff suffered the loss of her son.

34.     As a direct and proximate result of the actions of all Defendants described above and pursuant to Mo. Rev. Stat. 537.090, Plaintiff has damages as follows: damages that decedent Anthony Soliz suffered between the time of his incarceration to the time of his death, and for the recovery of which the decedent might have maintained an action had death not ensued; pecuniary loss suffered by reason of the death of Anthony Soliz; funeral expenses; and a reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and the support of which Plaintiff has been deprived by reason of the death of Anthony Soliz.

35.     All of the aforementioned actions demonstrate that Defendants' actions were reckless and/or callously indifferent to Anthony Soliz's rights so as to justify consideration by the trier of fact of aggravating circumstances in determining the amount of damages to be allowed.

36.     Plaintiff is entitled to compensation for violations of Anthony Soliz's constitutional rights that all Defendants inflicted upon him, including but not limited to all damages allowable for wrongful death pursuant to R.S.Mo. § 537.080; pain and suffering before death; attorney's fees; and punitive damages.

## COUNT 1:
## Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983

37.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

38.     During the time he was in custody of defendants, Anthony Soliz had objectively serious medical needs, but he was not provided proper medical care to maintain his health.

39.     During the time he was in custody, Defendants failed to maintain premises safe from unauthorized controlled substance, and therefore failed to provide a safe environment for Anthony Soliz.

40.     After ingesting Fentanyl in his cell, Anthony Soliz displayed an obvious medical condition, and Defendants failed to provide him proper medical care allowing him to become covered in his own vomit.

41.     A reasonable officer would have understood that failing to prevent the presence of fentanyl in his cell and failing to subsequently provide appropriate, properly adequate medical care for one who exhibited the symptoms of Anthony Soliz would violate his constitutional rights.

42.     Defendants deliberately disregarded Anthony Soliz's objectively serious medical condition.

43. Given Anthony Soliz's medical condition, a reasonable officer in Defendants position would have understood that failing to get him emergency medical care violated his constitutional right.

44. Defendants knew that there was a substantial risk that Anthony Soliz was in a critical state and his need for medical attention was obvious.

45. Defendants failed to obtain appropriate, properly adequate medical care for Anthony Soliz or take any other reasonable measures to deal with Anthony Soliz's condition.

46. While in the custody of Defendants, Defendants failed to provide a safe environment, free from unauthorized controlled substances or illegal narcotics.

47. In committing the acts complained of herein, Defendants acted under color of State law to show deliberate indifference to a serious medical need and to substantial risk of death by Anthony Soliz after having actual knowledge of such need for care, including medical care, and in deprivation of Anthony Soliz's rights under the due Process Clause of the 14th Amendment of the United States Constitution.

48. As a direct and proximate result of the violation of Anthony Soliz's constitutional rights by the Defendants, Anthony Soliz suffered general and special damages as alleged in the Complaint and is herein entitled to relief un 42. U.S.C. §1983.

49. The conduct of the Defendants was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for this Court, to enter judgment in favor of Plaintiff and against Defendants, and award Plaintiff compensatory and punitive damages against Defendants, and any other relief this Court deems just and proper.

**COUNT 2:**
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Failure to Implement Appropriate Policies, Customs, and Practices and Failure to Train, Supervise and Retain)**

50.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

51.     From the time Anthony Soliz was in custody, Anthony Soliz had objectively serious medical needs, but he was not provided proper medical care to maintain his health.

52.     Defendants deliberately disregarded Anthony Soliz's objectively serious medical needs and failed to provide proper medical care to maintain his health.

53.     Given Anthony Soliz's condition, a reasonable officer in Defendants' position would have understood that failing to get him proper medical care violated his constitutional right.

54.     Defendant St. Charles County and Defendant St. Charles Department of Corrections, failure to have an adequate policy, custom and/or practice for preventing unauthorized controlled substances from entering Anthony Soliz's cell resulted in the violation of Anthony Soliz's constitutional rights.

55.     Defendant St. Charles County and Defendant St. Charles Department of Corrections, failure to develop and maintain policies, customs and practices exhibiting deliberate indifference to Anthony Soliz's constitutional rights.

56.     Defendant St. Charles County and Defendant St. Charles Department of Corrections, failed to develop adequate policies, customs, and practices, violating Anthony Soliz's constitutional rights, in failing to get him appropriate, properly adequate medical care when needed and provide for his safety.

57. Defendant St. Charles County and Defendant St. Charles Department of Corrections, failed to train, supervise, and retain staff on the rights of inmates, thereby demonstrating a deliberate indifference to Anthony Soliz.

58. This failure to train amounts to a deliberate indifference to the rights of persons whom SCCDOC staff come into contact with, including Anthony Soliz.

59. Upon information and belief, Defendant St. Charles County and Defendant St. Charles Department of Corrections, appointed deputies and/or corrections officers, who were not licensed and/or adequately trained medical professionals, to screen the needs, including medical needs of inmates incarcerated in SCCDOC.

60. Upon information and belief, Defendant Daniel Keen was the highest- ranking official, and had direct management supervision over the jail staff, and was responsible for setting and implementing County policy with respect to this jail. In the alternative, Defendants Bishops and Defendants Unknown Corrections Officers John Doe, were inadequately trained and supervised by Defendant St. Charles County and Defendant St. Charles Department of Corrections.

61. Defendants Saint Charles County and St. Charles Department of Corrections, and Keen implicitly or explicitly adopted and implemented policies, customs, or practices that included, among other things, allowing correction officers with no or inadequate training to assess the conditions, including the medical conditions and/or withhold medical treatment and/or deny medical treatment to inmates with serious medical needs, including Anthony Soliz, which policies, customs, or practices reflected a deliberate indifference to the serious medical needs of Anthony Soliz.

62. The failures of Defendants Saint Charles County and St. Charles Department of Corrections, and Keen to implement policies and procedures that would provide Anthony Soliz

11

with a safe environment, free from unauthorized controlled substances, while in the custody of Defendants.

63. The failures of Defendants Saint Charles County and St. Charles Department of Corrections, and Keen to implement policies and procedures that would provide Anthony Soliz with reasonable access to a properly and/or adequately trained and/or qualified medical provider amounts to deliberate indifference to Anthony Soliz's serious medical needs.

64. At the time of the above-described events, it was the custom or policy of Defendants Saint Charles County and St. Charles Department of Corrections to inadequately supervise and train its corrections officers, thereby evidencing a deliberate indifference to Anthony Soliz's constitutional rights.

65. Given the prior instances of unauthorized controlled substances found in SCCDOC, the need for training St. Charles County staff on the rights of inmates is obvious, and the lack of training by St. Charles County was so inadequate that it was likely to result in violating the rights of inmates, including Anthony Soliz.

66. Defendants St. Charles County's and St. Charles Department of Corrections failure to supervise staff constituted a tacit authorization of the offensive acts.

67. In committing the acts complained of herein, Defendants acted under color of State law to show deliberate indifference to a serious medical need and to the substantial risk of death by Anthony Soliz after having actual knowledge of such need for care, including medical care, and in deprivation of Anthony Soliz's rights under the Due Process Clause of the 14th Amendment of the United States Constitution.

68. As a direct and proximate result of the violation of Anthony Soliz's constitutional rights by the Defendants, Anthony Soliz suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42. U.S.C. §1983.

69. The conduct of the Defendants was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for this Court, to enter judgment in favor of Plaintiff and against Defendants, and award Plaintiff compensatory and punitive damages against Defendants, and any other relief this Court deems just and proper.

## COUNT 3:
### Negligence *Per Se*
### Violation of R.S.Mo. § 221.120
### (Medicine and medical attention for prisoners)

70. Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

71. During the time Anthony Soliz was in custody, Anthony Soliz had objectively serious medical needs, but he was not provided proper medical care to maintain his health.

72. Defendants deliberately disregarded Anthony Soliz's objectively serious medical needs and failed to provide proper medical care to maintain his health.

73. Given Anthony Soliz's condition, a reasonable corrections officer in Defendants' position would have understood that failing to get him proper medical care violated his constitutional right.

74. At all times relevant herein, the Revised Statutes of the State of Missouri provided in Section 221.120.1 that, "[i]f any prisoner confined to the county jail is sick and in the judgment of the jailer, requires the attention of a physician, dental care or medicine, the jailer shall procure

13

the necessary medicine, dental care or medical attention necessary or proper to maintain the health of the prisoner."

75. Defendants violated R.S.Mo. § 221.120 with regard to the rights of inmates to receive necessary and proper medical attention, thereby demonstrating a deliberate indifference to Anthony Soliz.

76. Defendants breached their duty to Anthony Soliz in failing to procure the necessary medicine and medical attention necessary or proper to maintain the health of Anthony Soliz while incarcerated in SCCDOC.

77. Upon information and belief, Defendants Keen was the highest- ranking official, had direct management supervision over the jail staff, and were responsible for ensuring compliance with the laws of the State of Missouri with respect to the jail.

78. Defendants St. Charles County, implicitly or explicitly adopted procedures which allowed correction officers to violate the laws of the State of Missouri, including the medical conditions and/or withhold medical treatment and/or deny medical treatment to inmates with serious medical needs, including Anthony Soliz reflecting a deliberate indifference to the serious medical needs of Anthony Soliz.

79. The failures of Defendants denied Anthony Soliz with reasonable access to a properly and/or adequately trained and/or qualified medical provider which amounts to deliberate indifference to Anthony Soliz's serious medical needs.

80. In committing the acts complained of herein, Defendants acted under color of State law to show deliberate indifference to a serious medical need and to the substantial risk of death by Anthony Soliz after having actual knowledge of such need for care, including medical care, and in violation of R.S.Mo. § 221.120.

81.     As a direct and proximate result of the violation by the Defendants, Anthony Soliz suffered general and special damages as alleged in the Complaint.

82.     The conduct of the Defendants was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for this Court, to enter judgment in favor of Plaintiff and against Defendants, and award Plaintiff compensatory and punitive damages against Defendants, and any other relief this Court deems just and proper.

### COUNT 4:
### Wrongful Death

83.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

84.     Defendants owed a duty to ensure the safety of inmates and detainees of SCCDOC, specifically Anthony Soliz. This duty included the duty to provide a safe environment and provide proper medical care to maintain his health.

85.     Defendants breached their duty of care in failing to provide a safe environment for Anthony Soliz while in the custody of SCCDOC by failing to keep his cell free from unauthorized controlled substances such as fentanyl.

86.     Defendants breached their duty of care in failing to provide appropriate, properly adequate care, including medical care; in failing to properly assess and examine Anthony Soliz; and in failing to properly monitor Anthony Soliz.

87.     As a direct and proximate result of the aforementioned negligence and breach of care by the Defendants, Anthony Soliz was injured, caused to suffer conscious pain, suffering, and loss of life, and Plaintiff sustained damage, as more fully set forth herein.

88. That by reason of the foregoing, Plaintiff is entitled to recover fair and reasonable damages against the Defendants as provided for in § 537.080 R.S.Mo. for the wrongful injuries to and the wrongful death of Anthony Soliz, including special damages for his funeral and burial.

89. From the beginning of his detention hereinabove until his untimely death, Anthony Soliz suffered physical and mental pain which is an item of damage to be considered and awarded.

90. Defendants' conduct in this case, as set forth in the Complaint constitutes aggravating circumstances within the meaning of the laws of the State of Missouri.

91. Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Anthony Soliz, or others similarly situated, and was done with such reckless or callous indifference and conscious disregard for the life and safety of others so that public policy requires punishment through the form of aggravating circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, their costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

## **INJURIES AND DAMAGES**

92. Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

93. As a direct and proximate result of the negligence set forth above, decedent Anthony Soliz suffered great personal injury, pain and suffering and mental anguish prior to his death. As a direct and proximate result of the Defendants' deliberate indifference to ensuring the safety of Plaintiffs' decedent and the indifference to the serious medical needs of Plaintiffs' decedent, Anthony Soliz, he was forced to suffer the following severe, permanent and devastating injuries:

Anthony Soliz was caused to suffer fentanyl intoxication and deterioration of his condition, severe distress, severe mental anguish, and all said conditions led to high levels of anguish, and these conditions caused him great physical pain and mental suffering prior to his death. Defendants' deliberate indifference to the serious medical needs of decedent Anthony Soliz worsened and exacerbated decedent's condition, causing him great physical pain and mental anguish.

94. As a direct and proximate result of the deliberate indifference to the serious medical needs of Plaintiff's decedent Anthony Soliz, Plaintiff has been deprived of decedent's valuable services, companionship, comfort, consortium, instruction, guidance, counsel, training, support, love, and affection. Additionally, decedent suffered great physical pain and mental anguish through the time period of the Defendants' deliberate indifference to his serious medical needs.

95. As a direct and proximate result of the Defendants' deliberate indifference to decedent Anthony Soliz's serious medical needs, the decedent suffered the loss of life, and with it the loss of future income and enjoyment of life.

96. Plaintiff is entitled to recover punitive damages from the Defendants for their intentional, willful, and malicious acts and/or omissions which constituted a deliberate indifference to the Anthony Soliz's serious medical needs in violation of his civil rights pursuant to 42 U.S.C. § 1983.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all of the above issues, costs herein incurred, fees where appropriate, and for such relief as is deemed appropriate by the Court.

Respectfully Submitted,

**MANDEL, MANDEL,
MARSH, SUDEKUM, & SANGER**

By: /s/ Bryan J. Sanger
Bryan J. Sanger, #MO60210
1010 Market Street, Suite 850
St. Louis, MO 63101
PH: (314) 621-1701
FX: (314) 621-4800
bryan@mandelmandel.com